IN THE
UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NELSIS RAUL RODAS,<br><br>JOSE RODA, A.K.A BRANDIS SALGADO<br><br>On behalf of themselves and others similarly-situated<br><br>Plaintiffs,<br><br>v.<br><br>OURISMAN CHANTILLY IMPORTS, INC.,<br>d.b.a. OURISMAN FAIRFAX TOYOTA<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

SERVE:  Ourisman Chantilly Imports, Inc.
Robert D. Hager (Registered Agent)
6129 Richmond Highway
Alexandria, VA 22303

## COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiffs, NELSIS RAUL RODAS ("RODAS"), and JOSE RODA ("RODA"), also known as BRANDIS SALGADO, by counsel, on behalf of themselves and all others similarly situated, and file this Collective Action Complaint against Defendant OURISMAN CHANTILLY IMPORTS, INC., d.b.a. OURISMAN FAIRFAX TOYOTA ("OURISMAN") pursuant to the Fair Labor Standards Act of 1938, as amended. 29 U.S.C. § 201, et seq. ("FLSA").

1

**PRELIMINARY STATEMENT**

1. Plaintiffs, who are Spanish-speaking workers with little or no fluency in either spoken or written English, bring this action on behalf of themselves and a class of other similarly-situated employees (the "Plaintiff Class") to require Defendant to pay back wages owed to them and to the Plaintiff Class, which Defendant failed to pay in violation of § 7 of the FLSA. The named Plaintiffs and the Plaintiff Class are collectively referred to herein as "Plaintiffs." Plaintiffs seek permanent injunctive relief and damages for themselves and all class members.

2. From 2006 until May 30, 2016, the named Plaintiffs were or have been employed by Defendant, by an individual who identifies himself as "JR", and by an apparently unincorporated entity doing business as "MAC Products and Services, Inc." ("MAC") to wash, clean, and "detail" automobiles at Ourisman Toyota of Fairfax located at 10287 Fairfax Boulevard, Fairfax, VA 22030. Similarly-situated employees have been employed by Defendant to perform these tasks for periods beginning on or before February 23, 2014, through the present. Defendant employs between 4 and 6 employees to perform these manual tasks. Plaintiffs and other similarly-situated employees routinely worked more than 40 hours per week. The named Plaintiffs worked 80 hours a week, for a period beginning before February 23, 2014, and ending on May 30, 2016, earning a collective total of $80,372.12 in unpaid overtime ($42,737.64 for Plaintiff Rodas, and $37,634.48 for Plaintiff Roda). Defendant failed to pay Plaintiffs and other similarly-situated employees an overtime premium of one and one-half times their regular rates of pay for their hours worked over 40 in any workweek.

2

## JURISDICTION AND VENUE

3. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. § 201, *et seq.*; 29 U.S.C. § 216, 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because the Defendant transacts business in this District, Defendant employed the named Plaintiffs and the Class Plaintiffs in this District, and most of the actions complained of were conducted within this District.

## PARTIES

5. Plaintiffs Nelsis Raul Rodas and Jose Roda, (hereinafter "named Plaintiffs") are former non-exempt employees of Defendant who earned, but did not receive, compensation for time worked, together with time and one-half pay for time spent over 40 hours per week from Defendant.

6. The class of similarly-situated employees (hereinafter "Class Plaintiffs") are or were non-exempt employees of Defendant who earned, but did not receive compensation for time worked and time and one-half pay for time spent over 40 hours per week from Defendant.

7. The named Plaintiffs and the Plaintiff Class at all times relevant hereto were each "employees" as that term is defined by 29 U.S.C. §203 (e).

8. The work of the named Plaintiffs and the Plaintiff Class regularly involves them in commerce between States ("interstate commerce"). The FLSA covers individual workers, like the named Plaintiffs and the members of the Plaintiff Class, who are "engaged in commerce or in the production of goods for commerce."

3

9. The Defendant OURISMAN is a corporation formed and existing under the laws of the Commonwealth of Virginia and at all times during Plaintiffs' employment, Defendant OURISMAN was an employer as defined by 29 U.S.C. §203 (d). In particular, Defendant OURISMAN is a "joint employer" with "JR" and "MAC" and is a "person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203 (d).

10. At all times relevant, Defendant OURISAMAN has had two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce, such as machines, automobiles, equipment, tools, supplies and cleaners that were transported or produced out-of-state.

11. In establishing the unlawful pay scheme at issue in this case and in misclassifying the Plaintiffs and other similarly-situated employees as independent contractors, Defendant OURISMAN was motivated by its desire to avoid paying an overtime premium to Plaintiffs and other similarly-situated employees as required by the FLSA.

12. Based on information and belief, at all relevant times Defendant's annual gross sales volume as defined by the FLSA has exceeded $500,000 per year.

**CLASS ACTION ALLEGATIONS**

13. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this action on behalf of themselves and an opt-in class of all persons who were or are hourly non-exempt car wash and "detailing" employees and who earned, but did not receive, compensation for time worked, including but not limited to overtime pay from Defendant.

a) The named Plaintiffs are adequate class representatives because they are directly impacted by Defendant's actions. The interests of the named Plaintiffs are not antagonistic to, or in conflict with, the interests of the class as a whole. The attorney representing the class is experienced in representing clients in federal litigation.

b) Common questions of law and fact are involved, including questions posed by Plaintiffs' allegations that Defendant failed to pay in violation of § 7 of the FLSA present and former non-exempt employees of Defendant who earned, but did not receive, overtime pay from Defendant.

c) Claims of the named Plaintiffs are typical of the claims of the class because all class members and the named Plaintiffs are affected by Defendant's conduct.

d) Defendant has acted on grounds generally applicable to the class, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole.

e) Common questions of law or fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

f) The named Plaintiffs are similarly situated to the class members in terms of job responsibilities, title, and employment dates as they were or are all car wash employees who provided car wash and "detailing" services to the Defendants, and who were denied compensation for all the time that they worked and time and one-half overtime wages by Defendant.

# FACTS

14. Defendant hired the named Plaintiffs and the members of the Plaintiff Class by retaining the services of "JR" and "MAC."

15. Plaintiffs and the members of the Plaintiff Class provide or have provided car wash and automobile "detailing" services at Defendant's automobile dealership doing business as "Ourisman Toyota of Fairfax" located at 10287 Fairfax Boulevard, Fairfax, VA 22030.

16. The named Plaintiffs regularly worked more than forty hours in almost every week they worked during their employment by Defendant.

17. Defendant failed to maintain time records for all of Plaintiffs' hours worked[1].

18. Defendant improperly designated the named Plaintiffs, Class Plaintiffs, "JR", and "MAC" as independent contractors, when in fact Defendant, "JR" and "MAC" shared, agreed to allocate responsibility for, or otherwise codetermined—formally or informally, directly or indirectly—the essential terms and conditions of the employment of the named Plaintiffs and Class Plaintiffs.

    a) Formally or as a matter of practice, the joint employers "JR", "MAC" and Defendant jointly determined, shared, or allocated the power to direct, control, or supervise the named Plaintiffs, whether by direct or indirect means. "JR" and "MAC" employed

---

[1] § 211**(c) Records**
Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, **keep, and preserve** such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder. The employer of an employee who performs substitute work described in section 207 (p)(3) of this title may not be required under this subsection to keep a record of the hours of the substitute work.

6

Roberto Flores as Plaintiffs' manager, but "JR" was present at the dealership where Plaintiffs worked at most only about two hours a day, and four of Defendant's dealership managers, including James McGeady, Retail Operations Manager, and Gaurav Gulati, General Manager, also gave Plaintiffs direct instructions on a daily basis, instructing them whether to clean cars on the inside or outside, directing them to clean cars again, and prioritizing their car cleaning tasks.

b) Formally or as a matter of practice, "JR", MAC", and Defendant jointly determined, shared, or allocated the power to—directly or indirectly—hire or fire the Plaintiffs or modify the terms or conditions of their employment. Defendant determined Plaintiffs' working hours.

c) The relationship between "JR", "MAC", and Defendant has been continuous for more than ten years, and Plaintiffs worked continuously for all of these joint employers at Defendant's dealership located at 10287 Fairfax Boulevard, Fairfax, VA 22030.from 2006 through May 30, 2016.

d) Through shared management Defendant controls, "JR" and "MAC".

e) The work of Plaintiffs was always performed on premises owned or controlled by Defendant, namely at Defendant's dealership located at 10287 Fairfax Boulevard, Fairfax, VA 22030.

f) Formally and as a matter of practice, "JR", "MAC", and Defendant jointly provide the facilities, equipment tools, or materials necessary to complete the work performed by Plaintiffs. "JR" and "MAC" provided some cleaning supplies necessary for Plaintiffs' car wash and detailing work, and Defendant provided the facility, located on the premises of its dealership, water, and electricity.

19. Plaintiffs were "economically dependent" on "JR", "MAC" and Defendant such that they are properly classified as employees instead of independent contractors of the joint employers "JR", "MAC", and Defendant.

    a) The joint employers "JR", "MAC", and Defendant exercise a high degree of control over the manner in which the Plaintiffs' work is performed, directing their daily tasks, instructing them to clean either the inside or outside of cars, requiring them to "redo" car was work, and prioritizing their tasks.

    b) Plaintiffs' car wash duties consisted entirely of routine, manual work, and they had absolutely no opportunities for profit or loss dependent on their managerial skill.

    c) Plaintiffs had no investment in equipment or material, and did not employ any other workers.

    d) The degree of skill required for Plaintiffs' car wash work was minimal.

    e) For approximately ten years there was a permanent and exclusive working. relationship between Plaintiffs and the joint employers "JR", "MAC", and Defendant.

    f) To a very high degree the car wash services rendered by Plaintiffs are an integral part of Defendant's retail car sales business.

## OVERTIME COMPENSATION

20. Defendant and the other joint employers "JR" and "MAC" routinely and consistently required the named Plaintiffs and Class Plaintiffs to work over forty hours per week.

21. The FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in one work week over forty hours. This is commonly known as the time-and-a-half pay for overtime work.

8

22. Despite working overtime, the named Plaintiffs and Class Plaintiffs were not paid time and one-half pay from Defendant for overtime worked.

## WILLFUL VIOLATIONS

23. On information and belief, Defendant has for more than three years, willingly, deliberately and intentionally refused to pay the Class Plaintiffs for time and one-half pay for overtime worked, and since on or after February 23, 2014, has willingly, deliberately, and intentionally refused to pay the named Plaintiffs for time and one-half pay for overtime worked.

24. On information and belief, and in violation of the FLSA, Defendant did not, during all relevant times, post the FLSA laws in an area alerting the named Plaintiffs and Class Plaintiffs of their rights to payment for time worked and to overtime pay under the FLSA.

25. Consequently, the named Plaintiffs and Class Plaintiffs were, until very recently, never aware that the FLSA provided for compensation for time and one-half pay for overtime worked or that they were owed compensation for actual time worked and time and one-half pay for overtime worked.

26. Defendant led the named Plaintiffs and the Class Plaintiffs to believe that their regular pay was paid in conformity with the FLSA.

27. Defendant knew or should have known that the named Plaintiffs and the Class Plaintiffs were entitled to compensation for time and one-half overtime pay under the FLSA, during all relevant times.

28. Defendant willfully, deliberately and intentionally failed to pay the named Plaintiffs and Class Plaintiffs for time and one-half overtime wages for their hours worked over forty in any workweek.

29. Defendant has never claimed that the FLSA laws do not apply to the named Plaintiffs or Class Plaintiffs, or that these Plaintiffs are subject to any exemption from these requirements.

30. The named Plaintiffs and Class Plaintiffs are, therefore, owed compensation for time and one-half overtime wages and back wages by Defendant, which willingly and knowingly withheld those wages.

## CAUSE OF ACTION

(Fair Labor Standards Act)

31. The foregoing paragraphs are included herein as though fully set forth herein.

32. Defendant regularly engages in commerce and its employees handle and use goods, which have moved in interstate commerce.

33. At all relevant times, Defendant was and is am employer within the meaning of the FLSA and are subject to the provisions of the FLSA.

34. The named Plaintiffs and Class Plaintiffs at all relevant times were employees of Defendant, as defined by the FLSA.

35. During the period of time that the named Plaintiffs and the Class Plaintiffs were employed by Defendant, the named Plaintiffs and Class Plaintiffs performed regular, scheduled overtime work for which no additional compensation was paid to them by Defendant in violation of the provisions of the FLSA. More specifically, Defendant violated § 7 of the FLSA by failing to pay time and one-half overtime wages to hourly

non-exempt employees, including the named Plaintiffs and the members of the Plaintiff Class who earned overtime pay.

36. Upon information and belief, the Defendant's pay system was unilaterally imposed upon the named Plaintiffs and the Class Plaintiffs.

37. The Defendant's failure to compensate the named Plaintiffs and Class Plaintiffs for all compensable hours violates the minimum wage provisions of the FLSA and the regulations thereunder.

38. The Defendant's failure to properly administer a scheme of compensation, including but not limited to actual time, overtime and/or comp time compensation violates the overtime provisions of the FLSA and the regulations thereunder.

39. The Defendant's failure to compensate the named Plaintiffs and Class Plaintiffs for all compensable hours was a willful and knowing violation of the FLSA.

40. As a result of the Defendant's willful and knowing failure to properly compensate the named Plaintiffs and Class Plaintiffs, those Plaintiffs have suffered substantial delays in receipt of wages owed and damages.

41. The Defendant's failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

42. Pursuant to 29 U.S.C. §§ 207 and 216, Defendant owes the named Plaintiffs and Class Plaintiffs compensation for their overtime work, an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

# PRAYER FOR RELIEF

WHEREFORE, the named Plaintiffs and Class Plaintiffs seek judgment against Defendant as follows:

1. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b);
2. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiffs;
3. Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;
4. That Defendant be enjoined from further violations of the Fair Labor Standards Act;
5. That the named Plaintiffs and Class Plaintiffs recover unpaid overtime wages together with an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);
6. That the named Plaintiff and the Class Plaintiffs recover an award of reasonable attorney's fees, costs, and expenses;
7. Order the Defendant to make whole the named Plaintiffs and Class Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;
8. Plaintiffs further pray for such additional relief as the interests of justice may require.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Respectfully submitted,

NELSIS RAUL RODAS and JOSE RODA on behalf of themselves and all others similarly situated,

By Counsel

By: _____
THOMAS F. HENNESSY (VSB No. 32850)
*Counsel for Plaintiffs*
4015 Chain Bridge Road
Suite G
Fairfax, Virginia 22030
Phone: (703) 865-8836
Fax:    (703) 865-7633
th@virginiawage.net